61 F.3d 900
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James H. REYNOLDS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
Defendant-Appellee.
 No. 94-2355.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 11, 1995
Decided: July 31, 1995
 
 ARGUED: Irene Krugman Rudnick, Aiken, SC, for Appellant. Ronald Lamar Paxton, Assistant Regional Counsel, Office of General Counsel, DEPARTMENT OF HEALTH & HUMAN SERVICES, Atlanta, GA, for Appellee. ON BRIEF: Stuart M. Gerson, Assistant Attorney General, J. Preston Strom, Jr., United States Attorney, Bruce R. Granger, Chief Counsel, Region IV,
 Mack A. Davis, Deputy Chief Counsel for Social Security Litigation and Programs, Mary Ann Sloan, Principal Regional Counsel, Social Security Disability Litigation, Cheryl Nikonovich-Kahn, Assistant Regional Counsel, Office of General Counsel, DEPARTMENT OF HEALTH & HUMAN SERVICES, Atlanta, GA, for Appellee.
 Before WIDENER and HALL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 James H. Reynolds, then age 49, applied for and was denied disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C.A. Sec. 301 et seq. (West 1991). The Secretary's denial of benefits was affirmed by an administrative law judge, the Appeals Council, and the district court. Reynolds appeals.
 
 
 2
 Reynolds is a recovered alcoholic. He underwent a successful excision of a bulging disc, suffered from headaches, coughing, back pain, hearing loss, diarrhea, and chest pain. After considering the reports of six doctors and the testimony of a vocational expert, the administrative law judge concluded that Reynolds could lift up to twenty pounds and carry up to ten pounds, could stand or walk for six to eight hours, could only occasionally stoop, crouch, and crawl, and could not perform work requiring good bilateral hearing. In affirming the Secretary's denial of benefits, the ALJ concluded that, although Reynolds could not return to his previous relevant work, there were numerous jobs in the national economy that he could perform.
 
 
 3
 After reviewing the physicians' reports, the other medical records, and the testimony of the vocational expert and that of Mr. and Mrs. Reynolds, we are of the view that the ALJ's decision was supported by substantial evidence. The judgment of the district court is, therefore, affirmed.
 
 AFFIRMED